The Attorney General is in receipt of your request for an official Attorney General's Opinion in which you have asked if the State's Open Meeting Law, 25 O.S. 301 [25-301] et seq. (1977) is applicable in Banking Board discussions concerning the following: "1. Investigation report into background of person submitted for Board's approval as a bank's managing officer; "2. Records and discussion of a seriously troubled bank which could lead to a possible closing or merger; "3. Records and discussion of suspected fraud, embezzlement of bank insider wherein charges have not yet been filed or the suspected person proven innocent or guilty, and which might prejudice his right to a fair trial; "4. Financial records and discussion thereof pertaining to proposed directors of a newly-chartered bank; "5. Investigation reports compiled for law enforcement purposes which would lead to consideration of cease and desist order, suspension, or removal of an officer or director, or referral to another law enforcement agency with criminal law enforcement powers; "6. Discussion of examination reports which could contain details of loans to bank customers criticized by bank examiners; "7. Generally, records and discussion thereof which are designated confidential and not subject to public inspection (Oklahoma Banking Code, Section 208); and "8. Generally, records and discussion thereof which pertain to individuals, and which would be provided with safeguards under the "Privacy Act of 1974", 5 U.S.C.A. 552
(a) and 5 U.S.C.A. 552 (b)." The Open Meeting Act is applicable to all meetings of public bodies as defined therein. Title 25 O.S. 303 [25-303] (1977). 25 O.S. 304 [25-304] defines a public body and meeting as follows: " 'Public body' means the governing bodies of all municipalities located within the State of Oklahoma, boards of county commissioners of the counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts, task forces or study groups in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include all committees or subcommittees of any public body. It shall not mean the state judiciary or the State Legislature or administrative staffs of public bodies, including, but not limited to, faculty meetings and athletic staff meetings of institutions of higher education, when said staffs are not meeting with the public body. " 'Meeting' means the conducting of business of a public body by a majority of its members being personally together." The Banking Board as established by the Oklahoma Banking Code of 1965, 6 O.S. 101 [6-101] et seq. (1971) is obviously a "public body" as defined above. All business conducted by the Board is subject to the Open Meeting Act promulgated by the Legislature. Though "business" is not defined by the act, it should be assumed to include "the entire decision making process including discussion, deliberation, decision or formal action." See Time Publishing Company v. Williams, 222 So.2d 470 (Fla. 1969). For purposes of the opinion herein, it will be assumed that all questions concern available confidentiality in formal meetings conducted by the Banking Board. The Open Meeting Act requires all such "meetings of public bodies" to "be open to the public, except as hereinafter specifically provided." Title 25 O.S. 303 [25-303] (1977). 25 O.S. 307 [25-307] delineates the type of action which a public body may conduct in closed sessions and reads as follows: 25 O.S. 307 [25-307]. Executive sessions. — "No public body shall hold executive sessions unless otherwise specifically provided for herein. "Executive sessions of public bodies will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee; or by district boards of education for the purpose of hearing evidence and discussing the expulsion or suspension of a student when requested by the student involved or his parent, attorney or legal guardian and for the purpose of discussing negotiations concerning employees and representatives of employee groups. Provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly cast and recorded. "No executive session by a public body shall occur except on a vote by a majority of a quorum of the members present." The eight questions posed by your request for an Attorney General's Opinion do not appear to concern areas the Legislature has specifically exempt from open meetings by the provision for executive sessions. After reviewing all other generally applicable legislation, constitutional provisions and case law the following comments are offered to help in your understanding of the general application of the Open Meeting Act to all Banking Board meetings modified only to the extent noted herein. The Banking Act, 6 O.S. 208 [6-208] (1971), designates those records maintained by the Banking Board which are "public records" and also provides a limited protection for certain records from day to day public scrutiny with the following language: 208. "Divulging Information Provided, Except Declared Public Records — Information Permitted in Certain Cases — Records Subject to Subpoena But Not Otherwise Public. . . . "All other records in the banking department shall be confidential and not subject to public inspection; provided, however, that the board, commissioner, or deputy commissioner may divulge such confidential information with the written approval of the commissioner, and that such records may be available in any proceeding, pending in any court, board or commission of the State, either by deposition or by subpoena duces tecum, as may be authorized by the laws of this State." The plain language of the statute indicates a legislative desire to protect the collection process and integrity of certain records maintained by the bank commission, but does not establish any absolute right of confidentiality in those parties subject to such record collection. If it is determined that a confidential record needs discussion as part of a "meeting" as defined by the Open Meeting Act, the above statute provides for waiver of that confidentiality upon approval of the commissioner whose discretion includes the option to release records with portions excised if incompetent, irrelevant or immaterial to the issue for discussion by the Board. However, once such a record is released for discussion at a "meeting", the Open Meeting Act makes no provision for limiting its scope to closed "executive sessions" in any of the general areas outlined by your opinion request. Therefore, the provisions of both the Open Meeting Act and 6 O.S. 208 [6-208], may be effectively and consistently enforced as the Legislature fully intended. See AMF Tubescope Co. v. Hatchel, 547 P.2d 374 (Okl. 1976). However, in Oklahoma Association of Municipal Attorneys v. State, 577 P.2d 1310
(Okl. 1978), the Supreme Court was confronted with a direct conflict between the provisions of the Privilege Against Disclosure Act and the Open Meeting Act and in making its decision established an additional exemption from the Act by executive sessions in the event there is a need for "confidential communications between a public body and its attorney, but only if the communications concern a pending investigation, claim or action, and disclosure of the matters discussed would seriously impair the ability of the public body to process the claim or conduct the pending investigation, litigation or proceeding in the public interest". Only when facts exist which allow those items you have listed to be considered in the context of the attorney/client privilege reserved by Oklahoma's Association of Municipal Attorneys, supra, does confidentiality by executive session prevail over the public's right to know. In all other instances discussion of the items listed at a "meeting" of the Banking Board must be conducted in accordance with the provisions in the Open Meeting Act. See 12 O.S. 2501 [12-2501] et seq. (1978). You have also inquired into what effect the Privacy Act of 1974, 5 U.S.C.A. 552(a) and 5 U.S.C.A. 552(b) has upon the application of the State's Open Meeting Act. The U.S. Congress has determined that "the right to privacy is a personal and fundamental right protected by the Constitution of the United States", by enactment of the Privacy Act of 1974, 5 U.S.C.A. 552(a). However, codification of this "right" has to date been limited to the provisions of the Privacy Act which specifically affects dissemination of certain types of information only before federal agencies. The act is not intended nor does it establish any independent right to privacy for individuals which in any way controls dissemination of records rightfully maintained by respective state agencies such as the Banking Commission. There is no generally recognized right to privacy under either the United States Constitution or the Constitution of the State of Oklahoma which should in any way affect the application of the Open Meeting Act to "meetings" of the Banking Board. See Felber v. Foote, 321 F. Supp. 85 (Dist. Conn. 1970). It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: All meetings of the Banking Board not subject to the attorney/client privilege must be open to the public even when the following matters are discussed: 1. Investigation report into background of person submitted for Board's approval as a bank's managing officer; 2. Records and discussion of a seriously troubled bank which could lead to a possible closing or merger; 3. Records and discussion of suspected fraud, embezzlement of bank insider wherein charges have not yet been filed or the suspected person proven innocent or guilty, and which might prejudice his right to a fair trial; 4. Financial records and discussion thereof pertaining to proposed directors of a newly-chartered bank; 5. Investigation reports compiled for law enforcement purposes which would lead to consideration of cease and desist order, suspension, or removal of an officer or director, or referral to another law enforcement agency with criminal law enforcement powers; 6. Discussion of examination reports which would contain details of loans to bank customers criticized by bank examiners; 7. Generally, records and discussion thereof which are designated confidential and not subject to public inspection (Oklahoma Banking Code, 6 O.S. 208 [6-208]); and 8. Generally, records and discussion thereof which pertain to individuals, and which would be provided with safeguards under the "Privacy Act of 1974", 5 U.S.C.A. 522 (a) and 5 U.S.C.A. 552 (b). (JOHNNY J. AKINS) (ksg)